The opinion of the Court was delivered by
Whitner, J.
It will be perceived, as well by the report as the grounds of appeal, that this case, on circuit, turned mainly on a just construction of “ An Act to prevent obstructions to the passage of fish up the several rivers of this State,” and still more especially of the third section of that Act. (See A. A. 1827, 6 Stat. 340).
The appeal invited a review of the interpretation this Act then received.
On the very threshold of the argument made in this Court, the counsel, now representing, for the first time, this defendant, brought to view subsequent legislation bearing directly and far more conclusively on the question raised in the defence, to wit, whether the traps of the plaintiffs were a public nuisance.
The Act referred to is “ An Act concerning the Public Works of this State,” passed in 1828, (6 Stat. 368). The 25th section provides — “ that the whole bed and channel of the river, below the Broad river dams at the head of the Columbia Canal, to the distance of fifty yards below the islands with which the said dams are connected, together with the spaces between the said islands, and between the main land and the said islands, shall be cleared of all fish traps, dams and other devices for catching fish; and the commissioners of fish sluices for Broad river are *489 hereby authorized and required to cause these limits to be designated ; and every trap, dam or other device for fishing, erected, or to be erected, within the limits so ordered to be cleared, be, and the same is hereby declared to be, a public nuisance, and may be abated as such.” The case was heard by myself on the circuit, and although it is true that this Act was in no way alluded to by counsel, and being entirely local in its character, I am free to admit, the particular section above referred to was wholly overlooked; and although it is equally true that no ground of appeal specifically raises the question presented by this section, yet the Act is a public Act, and forms a part of the law of the case. The omission or oversight of the counsel, or the Court, should not prejudice the party, as long as his rights are within the reach of remedy.
The testimony heard in this case, compared with the localities referred to in this Act, shew, plainly, that its provisions are directly pertinent to the .very question involved. The case, in fact, upon this view, is wholly different from that submitted to the jury, but as there may be yet other questions raised likewise under this Act, and upon which a reference may yet be necessary to a jury, the ends of this investigation may not be satisfactorily attained otherwise than by another trial.
The motion for a new trial is, therefore granted.
O’Neall, Evans, Wardlaw, Frost and Withers, JJ. concurred.
Motion granted.